Violeta I. GARCIA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

Felipe Santiago Cortegana, Petitioner,

v.

John Ashcroft, Attorney General,
Respondent.

Nos. 02–71630, 02–71631.

Agency Nos. A76–842–239, A76–842–238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2004.

Decided March 18, 2004.

Joren Lyons, Angela M. Bean & Associates, San Francisco, CA, Jennifer Lightbody, Washington, DC, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Margaret Perry, Arthur L. Rabin, Jennifer Lightbody, Washington, DC, for Respondent.

Before FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM *

Felipe Cortegana and Violeta Garcia petition for review from the denial of their application for asylum and withholding of removal. We deny the petition for review. Because the parties are familiar with the

factual and procedural history of this case we need not recount it here.

The immigration judge's decision was supported by substantial evidence. The harm suffered by Cortegana was not sufficient to constitute persecution within the meaning of immigration law. The threats were unspecific, and there was no further action indicating that whatever harm was threatened would occur. Because Cortegana did not suffer past persecution, he is not entitled to a presumption of a well-founded fear of future persecution under 8 C.F.R. § 208.13(b)(1). Cortegana did not establish a well-founded fear of future persecution. The threats to him and his family stopped completely once he quit his job as an ambulance driver. *See Castillo v. INS,* 951 F.2d 1117, 1122 (9th Cir.1991).

Petitioners' due process challenge to the summary affirmance by the Board of Immigration Appeals ("BIA") under 8 C.F.R. § 1003.1(a)(7) is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003). Petitioners' regulatory challenge to the BIA's decision to streamline their case fails because the result of the IJ's decision was correct, there were no errors in the decision that were not harmless, and the issues presented on appeal to the Board were squarely controlled by existing precedent and did not involve the application of precedent to a novel fact situation. Therefore, the BIA did not violate the streamlining regulations in this case. *See* 8 C.F.R. § 1003.1(a)(7.)

Petitioners also request us to hold that they still qualify for voluntary departure because *Zazueta–Carillo v. INS,* 322 F.3d 1166, 1171 (9th Cir.2003) does not apply to them. However, because petitioners have not exhausted their administrative remedies on the claim, it is not yet ripe for our

---

consideration. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999).

**PETITION FOR REVIEW DENIED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.